**GRIFFIN v. GRIFFIN.**

No. 9471.

United States Court of Appeals
District of Columbia.

Submitted Nov. 25, 1947.
Decided Dec. 22, 1947.

Mr. William H. Griffin filed a brief in proper person but died before the case was called.

Mr. Abe Max Goldstein, of Washington, D. C., for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

PER CURIAM.

This appeal is from a judgment for the plaintiff in an action on a foreign judgment for arrears of alimony. A similar suit between the same parties reached the Supreme Court. Griffin v. Griffin, 327 U.S. 220, 66 S. Ct. 556, 90 L.Ed. 635.

In April, 1947 appellant filed a brief in his own behalf. In November, appellee's counsel advised this court that appellant died on or about June 8, 1947; that no executor or administrator had been appointed; and that on June 25, 1947 appellee's counsel mailed to appellant's widow, Zelia B. Griffin, a letter advising her of the pendency of the appeal and offering to give her any further information she might desire. We are not advised whether she received this letter, or whether appellant left a will, or what persons may be interested in his estate. Appellee moved for a rule, directed to appellant's widow, to show cause why the appeal should not be dismissed. When the case was called for argument no one appeared in support of the appeal.

Our Rule 28 provides that if no representatives of a deceased party voluntarily become parties to an appeal, "any other party may suggest the death on the record, and proceedings shall be had as the court directs." Appellee's motion is denied without prejudice. We think whatever persons may be interested in the estate and may yet procure the appointment of representatives of the estate should not now be foreclosed from litigating the appeal through such representatives.

Motion denied.